Loeing, J.,
dissenting:
The statement of facts by the court recognizes the fact that in Rector’s Case, on due application, under the statute, by Hammond and Hector, the survey and plat of the land were made by the surveyor-general, and that by his omission the plat and notice of location were not returned by him to the recorder’s office, as the statute required.
And if there is to be applied to this case the rule laid down by the Supreme Court in Lytle v. Arlcansas, which is the established rule in equity law, under which, by the statute referring this case here, it has been heard, then 1 think that the case in 19 Wallace, and thelike previous cases cited in’the opinion of the court, do not impugn Hector’s title, but establish it.
The rule in equity enforced in Lytle v. Arkansas was that that which ought to have been done shall be taken as done.
The thing omitted here was the return of the plat and notice of location to the recorder’s office by the surveyor-general. Had the return of the plat and notice of location been made by the surveyor-general, the location would have been complete, and the right of the locators to the land absolute, by all the authorities above referred to. And that is the result if the rule in equity above referred to is applied, and that which the surveyor-general ought to have done is taken to have been done by him. And the fact is then found for the claimant here, for want of which the judgments were against the plaintiffs in the cases cited, and they all become authorities for Hector.
And I think that this case is stronger than that of Lytle v. Arkansas. For in that case the act not done was taken as done against the defendant, though the officer was not his agent, while here the officer was the agent of the United States, who are directly liable for his non-feasance; for though the United States are not liable for the defaults of their officers as defaults, *375 they are liable for the non-performance of their own contracts. And the Supreme Court have decided that cases under the ■statute of 1815 are cases of contract. And in equity a party to a contract is entitled to its specific performance against him who has failed to perform it, and I think Kector is so entitled here.